IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SLADE SHIPPING, INC. d/b/a § | | |
| SLADE GLOBAL, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 4:25-cv-04178 | |
| § | | |
| NEX VENTURE, et al., § | | |
|     Defendants. § | | |

**PLAINTIFF'S UNILATERAL STATUS REPORT AND
DISCOVERY/CASE MANAGEMENT PLAN
UNDER FED. R. CIV. P. 26(f)**

**I. PRELIMINARY STATEMENT**

Plaintiff Slade Shipping, Inc. d/b/a Slade Global ("Plaintiff") respectfully submits this unilateral status report and discovery/case management plan in lieu of the Joint Discovery/Case Management Plan contemplated by the Court's Order for Conference and Disclosure of Interested Parties. Plaintiff is unable to submit a joint plan because no Defendant has been served with process (at least six of which are foreign parties), no Defendant has appeared in this action (except that attorneys have indicated representation for certain parties and the *in rem* Defendant has acknowledged receipt of the lawsuit), and no Rule 26(f) conference has occurred or can occur at this time.

Plaintiff respectfully requests that the Court reset the Initial Pretrial and Scheduling Conference currently scheduled for January 9, 2026 to a date after service of process has been accomplished and Defendants have had an opportunity to appear and participate in a meaningful Rule 26(f) conference.

**II. STATUS OF SERVICE OF PROCESS**

This case involves ten named Defendants, plus John Does 1-10 and an *in rem* Defendant (the domain name SLADEGLOBAL.COM). The majority of Defendants are foreign entities

and individuals located in Singapore and the Netherlands, which requires service through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). Three Defendants are located in Texas.

### A. *Foreign Defendants (Not Subject to Rule 4(m)'s 90-Day Deadline)*

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice or order service within a specified time. However, Rule 4(m) expressly provides that this 90-day deadline "does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)." Fed. R. Civ. P. 4(m) (emphasis added). Because the majority of Defendants in this case are located in foreign countries and must be served under Rule 4(f) pursuant to the Hague Convention, the 90-day service deadline does not apply to these Defendants.

The following five Defendants are located in foreign countries and are not subject to the 90-day service deadline:

**Singapore Defendants** (service under Hague Convention via Singapore's Central Authority):

1. Nex Venture
2. Slade Shipping Far East Pte. Ltd.
3. Renascence Asia Pacific Pte. Ltd.
4. Glyn Vince (individual resident of Singapore)

**Netherlands Defendants** (service under Hague Convention via Netherlands' Central Authority):

5. Slade Holding B.V.

Summons have been issued for the foreign Defendants. Initiation of Hague Convention service through the appropriate Central Authorities in Singapore and the Netherlands is

anticipated. Based on experience with Hague Convention service, Plaintiff anticipates that service on these Defendants will require approximately four to six months, and potentially longer. This timeline is inherent to international service under the Hague Convention and is beyond Plaintiff's control.

### B. Domestic Defendants (Subject to Rule 4(m)'s 90-Day Deadline)

Three Defendants are located in Texas and are subject to the 90-day service deadline under Rule 4(m). The Complaint was filed on September 3, 2025, making the 90-day deadline December 2, 2025. Summons were issued, an attorney has indicated he represented Erik Brongers and his company, and Plaintiff is diligently pursuing service on these Defendants:

1. Erik Brongers (individual, Tomball, Texas)
2. Brongers' Shipping Co. LLC (Texas entity)
3. Jessica Thanavastien (individual, Houston, Texas)

If service has not been accomplished, Plaintiff will show good cause for any delay or seek an extension of time for service as appropriate under Rule 4(m).

### C. In Rem Defendant

The domain name SLADEGLOBAL.COM is named as a Defendant *in rem*. The domain registrar, DNC Holdings, Inc., is located in Louisiana. Procedures for establishing in rem jurisdiction over the domain under 15 U.S.C. § 1125(d)(2) are being pursued. The *in rem* Defendant has already received a copy of the lawsuit and has acknowledged receipt.

### D. Informal Contacts with Potential Counsel

Various parties and their potential counsel have made informal contact expressing interest in discussing or resolving this matter. However, no attorney has yet indicated

authorization to accept service on behalf of any Defendant, and no Defendant has filed an answer, waiver of service, or any appearance in this case.

### III. INABILITY TO CONDUCT RULE 26(f) CONFERENCE

Federal Rule of Civil Procedure 26(f) requires the parties to confer "as soon as practicable—and in any event at least 21 days before a scheduling conference." Fed. R. Civ. P. 26(f)(1). A meaningful Rule 26(f) conference requires participation by all parties or their counsel.

Because no Defendant has been served with process and no Defendant has appeared in this action, except as already described, Plaintiff has no opposing party with whom to confer. Plaintiff's counsel has attempted to contact the Court's Case Manager by email and telephone to request that the conference be rescheduled, but has not received a response as of the filing of this Report.

Given that the majority of Defendants are located in foreign countries and must be served under the Hague Convention—a process that typically takes four to six months and is expressly exempted from Rule 4(m)'s 90-day deadline—it is not reasonably possible to conduct a meaningful Rule 26(f) conference or submit a joint case management plan at this time. Plaintiff respectfully submits this unilateral report and requests that the January 9, 2026 conference be reset to allow service of process and appearance of Defendants.

### IV. INFORMATION REQUIRED BY THE JDCMP FORM

Plaintiff provides the following information responsive to the Court's Joint Discovery/Case Management Plan form, to the extent Plaintiff can provide such information unilaterally:

**1. Rule 26(f) Conference:**

No Rule 26(f) conference has occurred because no Defendant has been served or has appeared in this action.

## 2. Related Cases:

This action arises from an adverse decision in UDRP Case No. FA2507002164174, Slade Shipping, Inc. DBA Slade Global v. Johnny Loh / Nex Venture, decided August 19, 2025 by the National Arbitration Forum. The UDRP proceeding is an administrative proceeding and is not pending in any court. Plaintiff is not aware of any other related cases pending in state or federal court.

## 3. Brief Description of the Case:

This action involves a domain name dispute (sladeglobal.com), trade secret misappropriation, fraud, and unfair competition arising from a coordinated scheme by former employees, contractors, and foreign entities to divert Plaintiff's business, customers, and intellectual property. Plaintiff seeks declaratory and injunctive relief establishing its superior rights to the disputed domain name, as well as damages for trade secret misappropriation under the Defend Trade Secrets Act (18 U.S.C. § 1836) and Texas Uniform Trade Secrets Act, violations of the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)), violations of the Lanham Act (15 U.S.C. § 1125(a)), violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030), fraud, civil conspiracy, breach of contract, breach of fiduciary duty, tortious interference, and other claims.

## 4. Basis for Federal Jurisdiction:

Federal question jurisdiction exists pursuant to 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), 18 U.S.C. § 1836(c) (DTSA), 18 U.S.C. § 1030(g) (CFAA), and 28 U.S.C. § 1367 (supplemental jurisdiction over state law claims).

**5. Parties Who Disagree on Jurisdiction:**

Unknown. No Defendant has appeared.

**6. Anticipated Additional Parties:**

Plaintiff has named John Does 1-10 and may seek to identify and add additional defendants as discovery proceeds.

**7. Anticipated Interventions:**

None anticipated.

**8. Class Action Issues:**

This is not a class action.

**9. Initial Disclosures:**

Plaintiff is prepared to make initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within fourteen (14) days after Defendants appear. No Defendant has appeared; therefore, no initial disclosures have been exchanged.

**10. Proposed Discovery Plan:**

Plaintiff cannot propose a complete discovery plan without Defendants' participation. Plaintiff anticipates that this case will require substantial discovery, including written discovery, document production, depositions of the individual Defendants and third-party witnesses, and potentially expert testimony on damages and trade secret valuation. Plaintiff will work with Defendants to propose a reasonable discovery schedule once Defendants appear.

**11. Discovery Disputes:**

None at this time.

**12. Discovery Undertaken to Date:**

None.

**13. Estimated Discovery Completion:**

To be determined after Defendants appear and participate in a Rule 26(f) conference.

**14. Settlement Discussions:**

Plaintiff has had preliminary informal contact with certain parties and their potential counsel. Plaintiff remains open to good-faith settlement discussions but cannot report on formal settlement prospects without Defendants' participation.

**15. Actions Toward Resolution:**

Plaintiff is proceeding with service of process and remains willing to engage in settlement discussions with Defendants once they appear.

**16. Alternative Dispute Resolution:**

Plaintiff believes mediation may be appropriate after initial discovery has been conducted. However, ADR cannot be meaningfully discussed without Defendants' participation.

**17. Trial Before Magistrate Judge:**

Plaintiff takes no position at this time. A joint position requires Defendants' participation.

**18. Jury Demand:**

Plaintiff reserves the right to demand a jury trial.

**19. Estimated Trial Time:**

Plaintiff estimates trial will require approximately five to seven court days to present its evidence. A more accurate estimate cannot be provided without Defendants' participation.

**20. Pending Motions to be Ruled on at Conference:**

None.

**21. Other Pending Motions:**

None.

**22. Other Matters Deserving Court's Attention:**

This case involves international defendants requiring Hague Convention service. As noted above, Rule 4(m)'s 90-day service deadline expressly does not apply to service in a foreign country under Rule 4(f). Hague Convention service typically requires four to six months or longer. Accordingly, Plaintiff respectfully requests that the Court reset the Initial Pretrial and Scheduling Conference to allow sufficient time for service and appearance of Defendants. Plaintiff suggests that the conference be reset to a date approximately 30 days after the last Defendant is served, or alternatively, that Plaintiff be ordered to file periodic status reports (e.g., every 90 days) until all Defendants have been served and have appeared.

**23. Disclosure of Interested Parties:**

Plaintiff is filing a Certificate of Interested Parties concurrently with this Report.

**24. Counsel Information:**

*Plaintiff's Counsel:*

Simon W. Hendershot, III
State Bar No. 09417200
Philip D. Racusin
State Bar No. 24054267
Brady R. Dunlop
State Bar No. 24135359
HENDERSHOT COWART P.C.
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 783-3110
Facsimile: (713) 783-2809

*Defendants' Counsel:*

No Defendant has appeared. No counsel for any Defendant has entered an appearance.

## V. REQUEST TO RESET CONFERENCE

For the reasons set forth above, Plaintiff respectfully requests that the Court reset the Initial Pretrial and Scheduling Conference currently scheduled for January 9, 2026. Because the majority of Defendants are located in foreign countries and must be served under the Hague Convention—a process that is expressly exempted from Rule 4(m)'s 90-day deadline and typically requires four to six months—it is premature to hold a scheduling conference at this time.

Plaintiff proposes that the Court either: (a) reset the conference to a date approximately 180 days from the date of this filing to allow for Hague Convention service on the foreign Defendants; or (b) order Plaintiff to file periodic status reports every 90 days and reset the conference based on the status of service at that time. (If the Court determines that it must close the case for statistical purposes pending service of process, Plaintiff respectfully requests that the court only administratively close the case pending service of process, with Plaintiff to file a motion to reopen within 30 days after all Defendants have been served.)

## VI. CONCLUSION

WHEREFORE, Plaintiff Slade Shipping, Inc. d/b/a Slade Global respectfully requests that the Court accept this unilateral status report and discovery/case management plan, reset the Initial Pretrial and Scheduling Conference to allow for service of process and appearance of Defendants, and grant such other and further relief as the Court deems just.

Dated: December 30, 2025

Respectfully submitted,

**HENDERSHOT COWART P.C.**

*/s/ Philip D. Racusin*
SIMON W. HENDERSHOT, III
State Bar No. 09417200
trey@hchlawyers.com
Philip D. Racusin
State Bar No. 24054267
pracusin@hchlawyers.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 783-3110
Facsimile: (713) 783-2809

***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2025, a true and correct copy of the foregoing document was filed electronically via the Court's CM/ECF system. No Defendants have yet appeared in this action; therefore, no service upon Defendants was made by this electronic filing.

*/s/ Philip D. Racusin*
Philip D. Racusin

4910-3435-1237, v. 2