**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SLADE SHIPPING, INC. d/b/a SLADE GLOBAL, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:25-cv-04178 |
| v. | § § § | |
| NEX VENTURE; SLADE SHIPPING FAR EAST PTE. LTD.; SLADE HOLDINGS B.V.; RENASCENCE ASIA PACIFIC PTE. LTD.; GLYN VINCE; and JESSICA THANAVASTIEN, | § § § § § § § | |
| Defendants. | § | |

**MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Simon W. Hendershot, III, Philip D. Racusin, and the law firm of Hendershot Cowart P.C. (collectively, "Undersigned Counsel"), attorneys of record for Plaintiff Slade Shipping, Inc. d/b/a Slade Global ("Plaintiff"), and file this Motion to Withdraw as Counsel. In support of this Motion, Undersigned Counsel respectfully show the Court as follows:

**I. INTRODUCTION**

1.      Undersigned Counsel seek leave of Court to withdraw as attorneys of record for Plaintiff in this matter. As detailed below, good cause exists for withdrawal, and the withdrawal can be accomplished without material adverse effect on the interests of Plaintiff or undue delay to the proceedings.

## II. BACKGROUND

2.      Undersigned Counsel were retained by Plaintiff to represent it in this action on or before September 3, 2025.

3.      Since that time, Undersigned Counsel have diligently represented Plaintiff's interests, including filing this federal court action to challenge an adverse UDRP decision regarding the domain name sladeglobal.com, seeking emergency relief to stay the transfer of the domain name, and engaging in initial case management matters.

4.      However, circumstances have arisen that necessitate Undersigned Counsel's and his firm's withdrawal from this representation.

## III. ARGUMENT AND AUTHORITIES

### A.    Legal Standard for Withdrawal

5.      The withdrawal of counsel in federal court is governed by local rules and the rules of professional conduct. In the Southern District of Texas, Local Rule 83.2 provides that "Although no delay will be countenanced because of a change in counsel, withdrawal of counsel-in-charge may be effected by motion and order, under conditions imposed by the Court." S.D. Tex. Local R. 83.2.

6.      Moreover, the Texas Disciplinary Rules of Professional Conduct, which this Court looks to for guidance, permit withdrawal when:

   a.   The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

   b.   The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

   c.   Other good cause for withdrawal exists.

Tex. R. Disc. Prof'l. Cond. 1.15(b).

7.    Federal courts have recognized that the decision to grant or deny a motion to withdraw is within the court's discretion. *See Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019) (quoting *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)). "A court's determination whether an attorney has good cause to withdraw depends on the facts and circumstances of the particular case." *Edwards v. Oliver*, 2022 WL 4820147, at *1 (N.D. Tex. 2022).

8.    Courts typically consider a number of other factors when determining whether to allow an attorney to withdraw. *See Denton v. Suter*, No. 3:11-CV-2559-N, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013) (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir.1981)); *see White v. BAC Home Loans Servicing, LP*, No. 309-CV-2484-G, 2010 WL 2473833, at *2-*3 (N.D. Tex. June 15, 2010). Chief among these factors are "undue delay in the proceedings, prejudice to the client, and the interests of justice." *Dorsey v. Portfolio Equities, Inc.*, No. CIV.A.3:04-CV-0472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008) (citing *Broughten*, 634 F.2d at 882; *Honda Power Equip., Mfg., Inc. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003)).

### B.    Good Cause Exists for Withdrawal

9.    Undersigned Counsel submit that good cause exists for withdrawal in this case. While the specifics of attorney-client communications are protected by privilege, Undersigned Counsel can represent to the Court that:

   a.    A significant breakdown in the attorney-client relationship has occurred, making effective representation no longer possible. There are substantial difficulties in communication, as Plaintiff has failed to respond to multiple requests for communication and has failed to respond to requests for payment of past-due invoices;

b.   Plaintiff has failed to fulfill substantial obligations regarding Undersigned Counsel's services, despite reasonable warnings, including the payment of fees for services already rendered; and

c.   Continued representation would result in an unreasonable financial burden on Undersigned Counsel because Plaintiff owes substantial fees to Undersigned Counsel, has shown an apparent lack of willingness to pay despite repeated requests, and Undersigned Counsel would be forced to continue to represent Plaintiff without compensation as agreed.

10.    These circumstances constitute good cause for withdrawal under both the Local Rules and the Texas Disciplinary Rules of Professional Conduct. *See* Tex. R. Disc. Prof'l. Cond. 1.15(b); *Rivera-Domenech v. Calvesbert Law Offices PSC*, 402 F.3d 246, 249 (1st Cir. 2005) (stating that courts, including the First Circuit, have found a denial of a motion to withdraw based on lack of payment of fees and irreconcilable differences to constitute an abuse of discretion).

**C.    Withdrawal Can Be Accomplished Without Material Adverse Effect**

11.    Undersigned Counsel submit that withdrawal can be accomplished without material adverse effect on Plaintiff's interests or undue delay to the proceedings.

12.    First, this case is still in its very early stages. No Defendants have yet appeared or been served. No answer has been filed. Discovery has not begun. No scheduling order has been entered, and no trial date has been set.  In response to the first Initial Conference setting, Plaintiff made filings but no deadlines have been set or entered.  **The Initial Conference has been rescheduled to May 1, 2026, at 10:30AM by Video before The Honorable Yvonne Y. Ho.**

13.    Second, Plaintiff will have adequate time to retain new counsel. As a corporate entity, Plaintiff cannot proceed *pro se* and must be represented by licensed counsel. Undersigned Counsel propose allowing Plaintiff sixty (60) days to secure new representation, which courts have found to be a reasonable time frame. *See Intelligender, LLC v. Soriano*, CIVIL ACTION NO. 2:10-cv-125-JRG, 4-5 (E.D. Tex. Apr. 2, 2012).

14.     Third and finally, the firm of the Undersigned Counsel can cooperate with any successor counsel to ensure a smooth transition of the representation.

**D.     Reasonable Notice to Client**

15.     The firm employing the undersigned has provided Plaintiff with reasonable notice of their intention to withdraw, consistent with ethical obligations and court requirements. *See* Tex. R. Disc. Prof'l. Cond. 1.15(d); S.D. Tex. Local R. 83.2.

16.     This firm has further informed Plaintiff in writing of their intention to seek withdrawal from this representation if outstanding invoices remained unpaid and if communication was not restored. Additionally, Plaintiff has been reminded multiple times in the past about payment obligations and the need to respond to counsel's communications.

17.     Plaintiff has failed to respond and has failed to comply with its obligations.

18.     This firm has further informed Plaintiff of their intention to withdraw from this representation and explained the reasons necessitating withdrawal.

19.     A copy of this Motion has been served on Plaintiff at its last known address via certified mail, return receipt requested, as well as by email to all known email addresses for Plaintiff's principal.

**E.     Request for In Camera Review**

20.     To the extent the Court requires additional information regarding the circumstances necessitating withdrawal, Undersigned Counsel respectfully request an *in camera* review to protect privileged attorney-client communications. Courts have recognized the appropriateness of *in camera* review in such circumstances. *See, e.g.*, *Salt & Light Energy Equip. v. Origin Bancorp, Inc.*, Civil Action 3:22-CV-00654-N, 2 (N.D. Tex. Aug. 15, 2024) (conducting an *in camera* review of evidence in support of a Motion to Withdraw).

## IV. CONCLUSION AND PRAYER

For the foregoing reasons, Undersigned Counsel respectfully requests that the Court grant this Motion and enter an order:

1.     Permitting Simon W. Hendershot, III, Philip D. Racusin, and the law firm of Hendershot Cowart P.C., to withdraw as counsel of record for Plaintiff Slade Shipping, Inc. d/b/a Slade Global;

2.     Directing the Clerk to terminate electronic notice to withdrawing counsel in this action;

3.     Allowing Plaintiff sixty (60) days to retain new counsel and for such new counsel to enter an appearance in this case;

4.     Directing that all notices or other documents in this action be served on Plaintiff at the following address until new counsel enters an appearance:

> Slade Shipping, Inc. d/b/a Slade Global
> Attn: Robert Peska, President; Beau Peska
> 1428 N Sam Houston Parkway E, Suite 190
> Houston, Texas 77450

5.     Granting such other and further relief to which Undersigned Counsel may be justly entitled.

Dated: March 19, 2026                     Respectfully submitted,

                                          **HENDERSHOT COWART P.C.**

                                          By:    */s/ Philip D. Racusin*
                                                 SIMON W. HENDERSHOT, III
                                                 State Bar No. 09417200

trey@hchlawyers.com
Philip D. Racusin
State Bar No. 24054267
pracusin@hchlawyers.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 783-3110
Facsimile: (713) 783-2809
E-Service (serve to all):
service@hchlawyers.com and
pracusin@hchlawyers.com, and

**ATTORNEYS FOR PLAINTIFF**
**SLADE SHIPPING, INC. d/b/a**
**SLADE GLOBAL**

## CERTIFICATE OF CONFERENCE

I hereby certify that this month, we attempted to confer with Plaintiff regarding their obligations to communicate and keep current with their open balances through multiple emails sent this month. Prior to filing this motion, we have reached out to Plaintiff several times to discuss similar matters. Despite these attempts, Plaintiff has not followed through and there has been a failure to communicate.   Additionally, no Defendants have yet appeared in this action, so conference with opposing counsel is not possible at this time.  Plaintiff was sent a copy of this Motion; it is unknown whether Plaintiff consents.

*/s/ Philip D. Racusin*
Philip D. Racusin

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Motion to Withdraw as Counsel for Plaintiff was served on March 19, 2026, via certified mail, return receipt requested, and via email, all postage prepaid thereon, as shown below, addressed to:

Slade Shipping, Inc. d/b/a Slade Global

Attn: Robert Peska, President; Beau Peska
1428 N Sam Houston Parkway E, Suite 190
Houston, Texas 77450

Email: robert@sladeshipping.com

cc: beau.peska@slade-global.com; jacob.guidry@slade-global.com

I further certify that no Defendants have yet appeared in this action, and therefore no service on opposing counsel is required at this time.

/s/ Philip D. Racusin
Philip D. Racusin